US District Court — NH
Notice of Removal — Guardianship G.W. under 28 USCS §1446
(Concord Probate 317-2023-GI-0583)

Party: G.W.
281 N State
#139265
Concord NH 03302

C. Probate: 32 Clinton St.

**Statement of Case:** The Probate court clerk is an asshole who hides/throws away my filings, many of which, appropriately enough, are Faretta requests. The attorney they assigned me, against my will, doesn't answer his phone during office hours, as a rule. Since the D.o.C uses these guardianship proceedings as an end-run around the Constitutionally-required due process protections required by Washington v Harper, et al, I'm likely to be irreparably harmed if the federal court doesn't take my case, expeditiously.

I've documented my dealings with Clerk-from-hell-Richardson in detail in Woodham v. John Does 1-10 (NH Judicial Branch), 21-cv-231-SE-AJ, which is by no means a complete account.

**Jurisdiction** is correct under 28 USCS §1441, as I am a defendant in a civil case. The 30-day deadline should be equitably tolled because of my inability to do research while in prison (not only do they restrict my access to books & the Lexis database, but they also seized the notes I took when I could access those sources, & refuse to return them).

Alternately, since the petitioners in this action live in Texas, the court could apply diversity jurisdiction under §1332; since the NH probate courts don't allow damages, that requirement appears to be waivable per §1446(c)(2)(a), but if I'm incorrect about this, the court may certainly join the removed action with my previously-filed diversity suit Woodham v Woodham 23-cv-244-JL-AJ which does fulfill the $75k jurisdiction requirement. < 1 year since service, which was 7/1/2023ish.

**I have a Liberty Interest in My Liberty**
That's a federal (?) per the 14th Amd to the US Constitution; #5 as well.

**One May Not Be the Judge In One's Own Case**
As a last-ditch effort to convince Sharon Richardson to cut the crap I mailed her notice of suit, which is probably why she won't let me have any (more) documentary evidence. According to Gibson v. Berryhill, 411 US 564 (1973), this renders her & Concord Probate inappropriate adjudicators of my aforesaid liberty interests.

**Motion for Emergency Declaratory Relief; Prelim Injunction for Emergency Stay**
The probate court probably didn't have subject matter jurisdiction to apply a guardianship — I plead Faretta in the context of a request to represent myself. Generally, the onus is on the trial court to address competency issues sua sponte, & probate court juris. is construed narrowly in NH, Pate v Robinson, 383 US 375 (1966); Royer v Royles, 171 NH 738 (2019). The referee made no finding that I was incompetent, & the probate court only has juris. over incompetent persons, RSA 547:3. Since the referee made no findings of fact or arguments of law whatsoever, it's unclear how the judge overseeing her work oversaw... anything... further buttressing my argument that this decree is facially suspect.

The NHSP-SPU is prepared to pump me full of powerful, contraindicated drugs, against my wishes, while they of all people should know that this ruling is suspect when the institution itself prevented me from attending the hearing. I'm likely to be irreparably harmed, the balance of hardships favors myself, it's in the public interest for all public agents to follow the laws, and I'm likely to succeed on the merits. Mailed Lead & to Concord Probate 3/10/24

/s/ G.W., respondent

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0270, <u>Grace Woodham v. Janet Woodham & a.</u>, the clerk court on January 16, 2024, issued the following order:**

On December 6, 2023, the defendants were ordered to file their briefs or memoranda of law on or before January 5, 2024. Defendants having failed to file their brief or memorandum of law, the case will proceed on appellant's memorandum of law only. If the court schedules oral argument in this matter, defendants will not be permitted to argue orally. <u>See</u> Rule 18(2) ("A party who has not filed a brief shall not be heard orally.").

This order is entered by a single justice (Hantz Marconi, J.). <u>See</u> Rule 21(7).

**Timothy A. Gudas,
Clerk**

Distribution:
Mr. Trevor D. Garner
Ms. Janet Woodham
Ms. Grace Woodham
NE Auto
File

Grace Woodham
281 N State St
#139265
Concord, NH 03302

8438

Office of the clerk
US District Court - NH
55 Pleasant St
Concord, NH 03301



"Mailed from the NH State Prison. Contents have not been evaluated. Not Responsible for content/substance."